UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PAUL A. ACEVEDO,

    Plaintiff,

v.                                    Case No: 6:21-cv-472-RBD-GJK

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## **ORDER**

This cause came on for consideration without oral argument on Defendant's Unopposed First Motion for Stay of Proceedings (Doc. 16). The Commissioner of Social Security moves to stay this case for ninety days due to the impact of the COVID-19 pandemic on the operations of the Social Security Administration (Id.). The Commissioner states that he is unable to timely perform some of the tasks required to prepare certified transcripts for appeal due to the impact of public health concerns on the office where the transcripts are created and the increase in the number of social security appellate filings (Id. at 1-2). The Commissioner implemented new methods to overcome this issue, but still has a backlog. (Id. at 2-4). As a result, the Commissioner requests the case be stayed for ninety days. (Id. at 4).[1] The motion is unopposed. (Id. at 4).

---

[1] In support of the Motion, the Commissioner attached a declaration from the Executive Director of the Social Security Administration's Office of Appellate Operations (Doc. 16-1).

District courts are vested with broad discretion to stay proceedings, which authority is incidental to their inherent powers to control their dockets. See, e.g., Clinton v. Jones, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); Advanced Bodycare Sols., LLC v. Thione Int'l, Inc., 524 F.3d 1235, 1241 (11th Cir. 2008) ("district courts have inherent, discretionary authority to issue stays in many circumstances").

The Commissioner has shown through evidence that he is unable to produce the certified transcript required for this case to proceed due to the effect of public health concerns on the operation of the Social Security Administration and increased court filings (Doc. 16; 16-1). The inability to produce the certified transcript warrants a stay of this case for a period of ninety days. In addition to staying the case, the Commissioner will be required to file a status report thirty days after the date of this order and every thirty days thereafter. In the status report, the Commissioner should address whether he remains unable to create the certified transcript for this case. However, if the Commissioner creates the certified transcript before the stay ends, then he should immediately file the certified transcript once it is completed, at which time the Court will lift the stay and enter a scheduling order.

Now, the motion (Doc.16) is **GRANTED** and this case is **STAYED** until September 2, 2021. The Commissioner shall file a status report thirty days after the date of this Order, and every thirty days thereafter, addressing whether he remains

unable to create the certified transcript for this case. And, in the event the Commissioner creates the certified transcript for this case before the stay ends, the Commissioner shall immediately file the certified transcript with the Court.

      **DONE** and **ORDERED** in Orlando, Florida, on June 4, 2021.[2]

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Party

---

[2] Judge Smith is temporarily handling this case for Judge Kelly.