UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PAUL A. ACEVEDO,

        Plaintiff,

v.   Case No. 6:21-cv-472-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,

        Defendant.
_____

## OPINION AND ORDER[1]

### I.   Status

Paul A. Acevedo ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of "chronic lower back [sic], history of 3 disk infusion," "radiculopathy," "cervical disk bulges[] C4 through C6," "depression," "anxiety," "panic attacks," and "insomnia." Transcript of Administrative Proceedings (Doc. No. 23; "Tr." or "administrative transcript"), filed August 10, 2021, at 70, 84, 289 (some capitalization omitted). Plaintiff protectively filed an application for DIB on

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 22), filed August 10, 2021; Reference Order (Doc. No. 25), entered August 12, 2021.

October 23, 2015, alleging a disability onset date of December 8, 2012.[2] Tr. at 251-52; see Tr. at 248. Plaintiff later amended his alleged disability onset date to January 1, 2015. Tr. at 274. The application was denied initially, Tr. at 70-81, 82, 83, 123-25, and upon reconsideration, Tr. at 84-100, 101, 102, 129-33.

On February 12, 2019, an Administrative Law Judge ("ALJ") held a hearing, during which she heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 47-69. At the time, Plaintiff was forty-six (46) years old. Tr. at 50. On May 14, 2019, the ALJ issued a decision finding Plaintiff not disabled through the date of the decision. See Tr. at 106-13. Plaintiff sought review of the ALJ's decision. Tr. at 193-95. Then, on April 10, 2020, the Appeals Council issued an Order remanding the case to the ALJ for further evaluation of Plaintiff's mental impairments and RFC. Tr. at 120-21.

On September 14, 2020, the ALJ held another hearing at which Plaintiff (still represented by counsel) and a VE testified.[3] Tr. at 31-46. On October 14,

---

[2] Although actually filed on October 26, 2015, see Tr. at 251, the protective filing date for the DIB application is listed elsewhere in the administrative transcript as October 23, 2015, see, e.g., Tr. at 70, 84, 248.

[3] This hearing was held via telephone, with Plaintiff's consent, because of extraordinary circumstances caused by the earlier stages of the COVID-19 pandemic. Tr. at 34, 237.

2020, the ALJ issued another Decision again finding Plaintiff not disabled through the date of the Decision. Tr. at 15-24.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council. See Tr. at 4-5 (Appeals Council exhibit list and order), 238-46 (request for review). On January 15, 2021, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On March 14, 2021, Plaintiff commenced this action through counsel under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff challenges 1) "[w]hether the ALJ's RFC determination that [Plaintiff] could perform work tasks from 1-5 steps each and learned in 30 days adequately accounts for [Plaintiff's] 'moderate' limitations in concentration, persistence, or pace, and whether the ALJ was required to include this 'moderate' limitation in a hypothetical question to the [VE]"; 2) "[w]hether the ALJ failed to comply with SSR 00-4p and inquire about actual or apparent conflicts or inconsistencies between [VE] hearing testimony and the Dictionary of Occupational Titles ('DOT')"; and 3) "[w]hether the ALJ failed to adequately consider FMLA and Prudential Insurance functional capacity forms, completed by [Frank] Yanez, [M.D.,] as medical source statements and further failed to adequately weigh such statements." Joint Memorandum (Doc. No. 27; "Joint Memo"), filed November 8, 2021, at 16, 21, 23 (emphasis omitted).

After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for reconsideration of the opinions set forth in the FMLA and Prudential Insurance functional capacity forms.

On remand, an evaluation of this evidence may impact the Administration's consideration of the other issues raised in this appeal. For this reason, the Court need not address Plaintiff's remaining arguments. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II.   **The ALJ's Decision**

When determining whether an individual is disabled,[4] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a

---

[4]   "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 17-23. At step one, the ALJ determined Plaintiff "has not engaged in [substantial gainful activity] since January 1, 2015, the alleged onset date." Tr. at 17 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: mental health disorders (affective disorder, generalized anxiety disorder (GAD), panic disorder, and depression) and degenerative disc disease (DDD) of the lumbar and cervical spine." Tr. at 18 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 18 (emphasis and citation omitted).

The ALJ determined Plaintiff has the following RFC:

> [Plaintiff can perform] sedentary work (20 [C.F.R. §] 404.1567(a)) except, occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs, but never ladders, ropes, or scaffolds. Avoid: work at heights, work with dangerous machinery and tools, constant vibration, constant pushing and pulling with the upper extremities, foot controls, and constant temperatures over 90ºF and under 40ºF. Work tasks should be 1 to 5 steps each and learned in 30 days.

Tr. at 19 (emphasis omitted).

At step four, the ALJ relied on the testimony of the VE and found that Plaintiff "is unable to perform any past relevant work" as a "Cable Installer and Repairer." Tr. at 22 (some emphasis and citation omitted). At step five, after considering Plaintiff's age ("42 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, Tr. at 22, the ALJ again relied on the VE's testimony and found "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," such as "Addresser," "Call Out Operator," and "Document Preparer," Tr. at 23 (some emphasis omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from January 1, 2015, through the date of th[e D]ecision." Tr. at 23 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001)

- 6 -

(citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

Plaintiff argues the ALJ erred with respect to medical opinions rendered on forms that were completed for other (non-DIB) programs but were made part of the SSA's file: a Family and Medical Leave Act form entitled "Certification Form A," ("FMLA Form") and two Prudential Insurance forms evidently

completed for a group disability insurance claim ("Prudential Forms"). See Joint Memo at 24-25. Plaintiff's treating physician, Dr. Yanez, rendered the opinions on the forms. See Tr. at 604-30. The FLMA Form and the Prudential Forms all appear together in Exhibit 13F in the administrative transcript. See Tr. at 604-30.

The ALJ assigned "[l]ittle weight . . . to opinions of Prudential Insurance Agency, as its findings are not consistent with evidence of record," and cited "Exhibit 13F," Tr. at 22, which includes the forms at issue, see Tr. at 604-30. Plaintiff contends, however, that the ALJ "mischaracterized" the Prudential Forms as opinions rendered by Prudential, and "[i]t is not apparent from this statement that the ALJ was even aware that one of [Plaintiff's] treating physicians, Dr. Yanez, had completed the Prudential Forms." Joint Memo at 24 n.16, 25. Plaintiff also asserts the ALJ failed altogether to mention or consider the FMLA Form. Id. at 24. According to Plaintiff, the ALJ's failure to properly evaluate the medical opinions set forth on all of the forms at issue makes it impossible to determine whether the Decision is supported by substantial evidence. Id. at 25.

Defendant essentially asserts that the ALJ's reference to Exhibit 13F sufficiently covers all opinions contained therein. Id. at 26. Defendant also provides rationale—that the ALJ did not provide—to support the ALJ's

ultimate finding that the opinions contained in Exhibit 13F are entitled to little weight because they are inconsistent with the evidence. Id. at 26-29.

"Medical opinions[5] are statements from [physicians or other] acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1). Acceptable medical sources include licensed physicians, licensed psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists. 20 C.F.R. § 404.1502(a).[6]

The Regulations establish a hierarchy among medical opinions that provides a framework for determining the weight afforded each medical opinion. See 20 C.F.R. § 404.1527. Essentially, "the opinions of a treating physician are entitled to more weight than those of a consulting or evaluating

---

[5] On January 18, 2017, the SSA revised the Rules regarding the evaluation of medical evidence and symptoms for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5,844, 5,844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (Mar. 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Because Plaintiff filed his claim before that date, the undersigned cites the older Rules and Regulations (that are applicable to the date the claim was filed).

[6] For claims filed on or after March 27, 2017, acceptable medical sources also include licensed audiologists, licensed Advanced Practice Registered Nurses, and licensed Physician Assistants. 20 C.F.R. § 404.1502(a)(6)-(8).

health professional," and "[m]ore weight is given to the medical opinion of a source who examined the claimant than one who has not." Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1259, 1260 n.5 (11th Cir. 2019). Further, "[n]on-examining physicians' opinions are entitled to little weight when they contradict opinions of examining physicians and do not alone constitute substantial evidence." Id. at 1260 (citing Sharfarz v. Bowen, 825 F.2d 278, 280 (11th Cir. 1987) (per curiam)). The following factors are relevant in determining the weight to be given to a physician's opinion: (1) the "[l]ength of the treatment relationship and the frequency of examination"; (2) the "[n]ature and extent of [any] treatment relationship"; (3) "[s]upportability"; (4) "[c]onsistency" with other medical evidence in the record; and (5) "[s]pecialization." 20 C.F.R. § 404.1527(c)(2)-(5); see also 20 C.F.R. § 404.1527(f); Walker v. Soc. Sec. Admin., Comm'r, 987 F.3d 1333, 1338 (11th Cir. 2021) (citation omitted); McNamee v. Soc. Sec. Admin., 164 F. App'x 919, 923 (11th Cir. 2006) (citation omitted) (stating that "[g]enerally, the opinions of examining physicians are given more weight than those of non-examining physicians[;] treating physicians[' opinions] are given more weight than [non-treating physicians;] and the opinions of specialists are given more weight on issues within the area of expertise than those of non-specialists").

With regard to a treating physician,[7] the Regulations instruct ALJs how to properly weigh such a medical opinion. See 20 C.F.R. § 404.1527(c)(2). Because treating physicians "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s)," a treating physician's medical opinion is to be afforded controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. Id. When a treating physician's medical opinion is not due controlling weight, the ALJ must determine the appropriate weight it should be given by considering the factors identified above (the length of treatment, the frequency of examination, the nature and extent of the treatment relationship, as well as the supportability of the opinion, its consistency with the other evidence, and the specialization of the physician). Id.

If an ALJ concludes the medical opinion of a treating physician should be given less than substantial or considerable weight, he or she must clearly articulate reasons showing "good cause" for discounting it. Simon, 7 F.4th at 1104 (citation omitted); Walker, 987 F.3d at 1338 (citation omitted); Schink, 935

---

[7] A treating physician is a physician who provides medical treatment or evaluation to the claimant and who has, or has had, an ongoing treatment relationship with the claimant, as established by medical evidence showing that the claimant sees or has seen the physician with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for the medical condition. See 20 C.F.R. § 404.1527(a)(2).

F.3d at 1259; Hargress v. Soc. Sec. Admin., Comm'r, 883 F.3d 1302, 1305 (11th Cir. 2018) (citation omitted); Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). Good cause exists when (1) the opinion is not bolstered by the evidence; (2) the evidence supports a contrary finding; or (3) the opinion is conclusory or inconsistent with the treating physician's own medical records. Walker, 987 F.3d at 1338; Schink, 935 F.3d at 1259; Hargress, 883 F.3d at 1305; Phillips, 357 F.3d at 1240-41; see also Edwards v. Sullivan, 937 F.2d 580, 583-84 (11th Cir. 1991); Schnorr v. Bowen, 816 F.2d 578, 582 (11th Cir. 1987) (stating that a treating physician's medical opinion may be discounted when it is not accompanied by objective medical evidence).

An ALJ is required to consider every medical opinion. See 20 C.F.R. § 404.1527(c) (stating that "[r]egardless of its source, we will evaluate every medical opinion we receive"). While "the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion," Oldham v. Schweiker, 660 F.2d 1078, 1084 (5th Cir. 1981) (citation omitted); see also 20 C.F.R. § 404.1527(c)(2), "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor," Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011) (citing Sharfarz, 825 F.2d at 279); Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005); Lewis, 125 F.3d at 1440. "It is the responsibility of the agency, not the reviewing court, to supply the justification for its decision and to sufficiently explain the weight it

- 12 -

has given to obviously probative exhibits." Simon, 7 F.4th at 1105 (quotation and citations omitted).

Here, at issue, and embedded in Exhibit 13F, are Dr. Yanez's opinions on the FMLA form and the Prudential Forms. In the forms, Dr. Yanez gave specific work-related limitations that qualify as medical opinions. See Tr. at 604-30. As noted, the ALJ's only potential reference to the opinions set forth in these forms was the following sentence: "Little weight is given to opinions of Prudential Insurance Agency, as its findings are not consistent with the evidence of record, as cited above. (Exhibit 13F)." Tr. at 22.

The ALJ erred in evaluating Dr. Yanez's opinions. First, it is unclear if the ALJ was even aware the opinions were rendered by Plaintiff's treating physician because the ALJ inaccurately referred to "opinions of Prudential Insurance Agency." Tr. at 22. Although the opinions were rendered, in part, on the Prudential Forms, they nonetheless were opinions of Dr. Yanez. Second, even if the ALJ's reference to the "Prudential Insurance Agency," Tr. at 22, meant that she considered the opinions set forth in the Prudential Forms, it is unclear if the ALJ realized or considered there was also an FMLA form containing another opinion (by Dr. Yanez). And third, the ALJ's conclusory citation of the "good cause" reason of inconsistency with the rest of the evidence, without more explanation and rationale, does not allow for meaningful judicial review. See Simon, 7 F.4th at 1105 (quotation and citations omitted, emphasis

added) ("It is the responsibility of the agency, not the reviewing court, to supply the justification for its decision and to sufficiently explain the weight it has given to obviously probative exhibits."). For all of the foregoing reasons, the matter must be remanded for reconsideration of the opinions set forth on the Prudential Forms and the FMLA form.

## V.  Conclusion

In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A) Reconsider the opinions set forth on the Prudential Forms and the FLMA Form (Exhibit 13F); if the opinions are discounted, provide good cause supported by adequate explanation;

(B) If appropriate, address the other issues raised by Plaintiff in this appeal; and

(C) Take such other action as may be necessary to resolve this claim properly.

2. The Clerk is further directed to close the file.

3. In the event benefits are awarded on remand, Plaintiff's counsel shall ensure that any § 406(b) fee application be filed within the parameters set

forth by the Standing Order on Management of Social Security Cases entered on December 7, 2021 in Case No. 3:21-mc-001-TJC (Doc. No. 43, ¶¶ 6, 8).

**DONE AND ORDERED** in Jacksonville, Florida on August 15, 2022.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record